

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-10-2008

# USA v. Diggs

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4706

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Diggs" (2008). *2008 Decisions*. Paper 381.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/381

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  06-4706

UNITED STATES OF AMERICA

v.

ARCHIE L. DIGGS,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 05-CR-477
District Judge:  The Honorable Freda Wolfson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 12, 2008

Before: McKEE, SMITH, and WEIS, *Circuit Judges*

Filed: October 10, 2008

OPINION

SMITH, *Circuit Judge*.

On March 13, 2006, a jury was selected to determine whether Archie L. Diggs was

guilty of one count of conspiring to distribute 50 grams or more of cocaine base in

violation of 21 U.S.C. §  846, and two counts of distributing crack cocaine in violation of

1

21 U.S.C. § 841(a)(1) and (b)(1)(A). On the second day of trial, before testimony began, Diggs entered an open plea to the § 846 conspiracy offense. The United States District Court for the District of New Jersey dismissed, on government motion, counts two and three of the indictment, which charged him with distribution of crack cocaine. Thereafter, Diggs asserted in letters to the District Court that he was not satisfied with counsel and that he had felt rushed to plead guilty. At sentencing, Diggs' new counsel brought the letter to the Court's attention in the event Diggs wanted to move to withdraw his plea before sentencing. When the Court asked Diggs whether he wanted to abide by his plea, Diggs responded that he was "pleading guilty," and affirmed that he wanted to maintain his guilty plea. The sentencing hearing proceeded, and after the government's presentation of evidence, the District Court sentenced Diggs to, *inter alia,* 154 months of imprisonment, a punishment that constituted a downward variance from the guideline range of 188 to 235 months. This timely appeal followed.[1]

Diggs' counsel filed an appellate brief and moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the Supreme Court stated that the "constitutional requirement of substantial equality and fair process" means that appellate counsel must act as an advocate for the defendant. 386 U.S. at 744. Thus, counsel's

    role as advocate requires that he support his client's appeal to the best of his

---

[1]The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

*Id.* In *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), we explained that an *Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." Accordingly, our inquiry is twofold: (1) whether counsel adequately fulfilled the requirements of *Anders*; and (2) "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)); *see also Anders*, 386 U.S. at 744 (explaining that the court must proceed, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous.").

We are satisfied that counsel thoroughly examined the record for issues of arguable merit and fulfilled the requirements of *Anders*. Counsel appropriately addressed two of the issues that may be raised following the entry of an unconditional guilty plea: the validity of the guilty plea; and the legality of the sentence. *See United States v. Broce*, 488 U.S. 563, 574-76 (1989). As counsel explained, the District Court's plea colloquy satisfied the requirements of Federal Rule of Criminal Procedure 11. Indeed, Diggs affirmed his guilt at the sentencing hearing, and his pro se brief did not dispute the

3

validity of his guilty plea.[2]

In his pro se brief, Diggs did argue that the District Court erred at sentencing. His counsel, however, asserts that there is no basis for challenging his sentence. Counsel explained that the District Court complied with the procedural requirements of Rule 32, correctly computed the advisory guideline range, and meaningfully considered the sentencing factors set forth in 18 U.S.C. § 3553(a), including the disparity between powder cocaine and cocaine base. Inasmuch as the District Court granted Diggs a downward variance from the guideline range, counsel submitted that he had no basis for arguing that the sentence was unreasonable. We agree. Our review shows that the District Court thoughtfully considered Diggs' circumstances and imposed a sentence that she hoped would be a deterrent to further criminal activity for a man of Diggs' age.

Diggs takes issue with the District Court's failure to apply a beyond-a-reasonable-doubt burden of proof at sentencing, and contends that the District Court erred in its determination of the amount of crack cocaine at issue and its assessment of a two level enhancement for his role in the offense under U.S.S.G. § 3B1.1. We find no error in the District Court's application of the preponderance of the evidence standard in light of our precedents in *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006), and *United States v. Grier*, 475 F.3d 556, 565 (3d Cir. 2006) (en banc). Diggs' arguments suggest

---

[2]When appellate counsel files a motion to withdraw pursuant to *Anders*, 386 U.S. 738 (1967), our local rule affords the appellant an opportunity to file a pro se brief. 3d Cir. L.A.R. 109.2(a).

that the computation of his guideline range violated the terms on which he agreed to plead guilty. This contention lacks merit, however, as there was no plea agreement in this case governing either the amount of the crack cocaine or the applicability of the role in the offense enhancement. Because there is support in the record for the District Court's calculation of the sentencing guideline range, we conclude that there is no basis for disturbing the District Court's sentence.

In sum, our own independent review of the record fails to reveal any nonfrivolous issues for appeal. Accordingly, we will grant counsel's motion to withdraw pursuant to *Anders* and affirm the judgment of the District Court. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court.[3] 3d Cir. L.A.R. 109.2(b).

---

[3]Our decision today is rendered without prejudice to Diggs asserting whatever rights he may have to seek a reduced sentence in the District Court pursuant to 18 U.S.C. § 3582(c)(2) in light of the amendments to the sentencing guidelines for crack cocaine. *See* Amendment 706 to U.S.S.G. § 2D1.1 (effective November 1, 2007).